UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re: Jonathan Goldsmith, Attorney at Law, Bar No. 11805 | Case No. 2:16-cv-02824-APG<br><br>ORDER DENYING MOTION FOR REINSTATEMENT<br><br>[ECF No. 12] |

Jonathan Goldsmith petitions for reinstatement as a practicing attorney in this court. ECF No. 12. I deny his petition.

The Supreme Court of Nevada (SCON) suspended Mr. Goldsmith from the practice of law in Nevada on January 7, 2016 after he admitted to multiple violations of ethical rules. His suspension was for two years, with the first nine months being actual suspension and the remainder stayed pending compliance with several conditions. This court imposed reciprocal discipline and suspended Mr. Goldsmith from practicing in this court on January 23, 2017. ECF No. 7. The State Bar of Nevada filed a separate disciplinary complaint against Mr. Goldsmith on January 10, 2018, and he was suspended from practice for five years and one day retroactive to August 23, 2018. ECF No. 12-1 at 1.

On May 13, 2024, the SCON allowed Mr. Goldsmith to be readmitted to the practice of law in Nevada with conditions, including passing the Nevada bar exam and completing CLE requirements. *Id.* at 2. He was reinstated on October 7, 2024. ECF No. 12-2. He now petitions for reinstatement to practice before this court under LR IA 11-7(i). ECF No. 12.

In his Petition, Mr. Goldsmith argues that he should be reinstated because he satisfied all of the conditions necessary to be reinstated by the SCON, including paying all restitution and

costs, passing the Nevada bar exam, and completing 13 CLE credits. *Id.* at 2-3.  However, Mr. Goldsmith's reinstatement by the SCON subjects him to the following probationary conditions for two years after being reinstated:

> (1) submit quarterly reports to the State Bar regarding all trust accounts in his name or in the name of any other person on behalf of any of his business entities in which client funds are placed;
>
> (2) submit all proposed advertisements through the Standing Lawyer Advisory Committee's pre-dissemination process to ensure compliance with the applicable Rules of Professional Conduct;
>
> (3) meet with a State Bar-approved mentor twice a month to discuss his calendar, workload, stress levels and how he is managing them, his goals, and any other issues pertaining to his legal practice and obtain the mentor's guidance in maintaining a law practice;
>
> (4) work under the supervision of another attorney or the State Bar-approved mentor;
>
> (5) provide the State Bar with proof, on a quarterly basis, of participation in sobriety programs and create a program with a substance abuse counselor; and
>
> (6) abstain from drugs and alcohol; if he uses drugs or alcohol, he must notify the State Bar within 24 hours of any relapse.

ECF No. 12-1 at 2-3.  Therefore, the earliest possible date Mr. Goldsmith could practice in Nevada state courts unencumbered by any probationary conditions is October 7, 2026.

Local Rule IA 11-7(i) states that an attorney who has been suspended "may petition for reinstatement to practice before this court . . . as may be supported by good cause and the

interests of justice." If the court imposed reciprocal discipline and "the attorney was readmitted by the supervising court or the discipline imposed by the supervising court was modified or satisfied, the petition must explain the situation with specificity, including a description of any restrictions or conditions imposed on readmission by the supervising court." *Id.*

I deny Mr. Goldsmith's petition without prejudice because he is currently subject to probationary conditions imposed on him by the SCON. This court does not have the obligation, resources, or inclination to monitor his compliance with the SCON's probationary conditions. However, this denial of Mr. Goldsmith's petition is without prejudice to him filing a renewed petition assuming he successfully discharges the SCON's probationary conditions. Any renewed petition for reinstatement should not be filed until Mr. Goldsmith is able to present to this court both a certificate of good standing from the SCON and other evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his suspension or any other discipline imposed on him by the SCON.

I therefore order that Mr. Goldsmith's petition for reinstatement **(ECF No. 12) is denied without prejudice**.

DATED THIS 26th day of November, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE